### CALLAHAN, ET AL. v. CONSUMERS ICE & REFRIGERATING CO.

1. APPOINTMENT OF A RECEIVER, IN AN ACTION AT LAW.

In an action by plaintiff upon certain notes executed by defendant corporation, for which plaintiff asks judgment and for the appointment of a receiver. Such action is on a note for which he asks judgment and is not a case for the appointment of a receiver before judgment, and therefore, it is error for the court to appoint such receiver in such action.

2. EFFECT OF APPOINTING A RECEIVER IN AN ACTION AT LAW.

To appoint a receiver in an action at law for money, would be in effect granting an attachment, which cannot be done.

SWING, J.

The controversy between the parties is here in two cases, one on error and one on appeal. They were heard together and will be decided together. The question on appeal will be first considered.

The facts in brief, pertinent to this question, are as follows ;

Callahan and Company brought suit in the court of common pleas on three notes given to them by said ice company, and asked for judgment. In addition to the allegations about the note the petition contains a number of other allegations. It is alleged that the company is insolvent. That it is being mismanaged in a number of ways which are specified. That the corporation is not being managed in the interests of the stockholders. That it had mortgaged its property for the purpose of paying antecedent debts to its stockholders, and the court was asked to appoint a receiver to take control and manage the property.

The case came on for hearing and was submitted to the court, on February 3, 1897. On the 4th day of February, the company made an assignment for the benfit of creditors to Tilden R. French, who on said day filed the deed of assignment and took possession of the property.

On the following day the court of common pleas appointed Edmond K. Stallo receiver and on the 6th day of February, the court rendered a judgment, directing the said French who had theretofore been made a party in said action to turn the property over to said receiver and perpetually enjoined the said French from interfering with said receiver. From this judgment the case was brought here on appeal by said French.

The question presented is whether the assignee was rightfully in possession. It is claimed that he was not by reason of the fact that he could get no rights as to the property as a proceeding was pending at the time of the assignment for the appointment of a receiver of the property.

There is a conflict of authorities on the question here presented and owing to a press of business, we shall not enter upon any extended review of the authorities on the question, but will content ourselves with a brief statement of what we think the law is.

There can be no action for the appointment of a receiver. It cannot be the ultimate relief sought. It is merely an ancillary proceeding. It is exercised by a court to preserve to it property upon which its subsequent judgment may operate. It is in the nature of an attachment or execution before judgment.

It cannot be an issuable fact in an action and a party may obtain all the relief sought and yet be denied his prayer for a receiver. So it seems to us that those authorities which hold that where an action is brought in which a receiver is asked for, obtains such a right to the possession of the property as to preclude another court in a proper case from seizing the property, even before a receiver is appointed, is not founded in reason.

That a court once having got jurisdiction of the controversy may proceed to final adjudication without interruption by any other tribunal we do not controvert, but the distinction we think to be drawn is that the appointment of a receiver is not the subject of the controversy in that it is not a cause of action.

There was nothing in the action by Callahan and Company, which prevented the company from making an assignment for the benefit of creditors, and the court not having actuatly seized the property the assignees of the company had a perfect right to take possession of the property under the deed of assignment.

As to the other branch of the case as to whether the court erred in appointing a receiver.

State ex rel. v. Commissioners.

The plaintiffs petition contains but one cause of action in our judgment and that is upon the note for which a judgment is asked, and the answers and cross petitions do not add any additional course of action to it. The petition and the answers and cross petitions are quite lengthy, and contain a great many statements, about the insolvency of the company, and the misconduct of its present board of directors and its officers, both as to past and present and probable future action, but in all this mass of allegation we fail to discover any cause of action. It would be all very good for the appointment of a receiver, if there was a cause of action in which a receiver might be appointed. But if we are right in our judgment that plaintiffs cause of action is on a note for which he asks judgment we do not think it is a case for a receiver before judgment.

To appoint a receiver in an action at law for money, would be in effect granting an attachment, and we think this cannot be done.

If an attachment is desired, the statute provides in terms when this may be obtained—and it makes provision that covers plaintiff's right in this action, but this was not availed of.

It seems to us therefore, that the court was in error in appointing the receiver.

*Robt. M. Nevins* and *G. W. Porter*, for Plaintiffs.

*Thomas McDougall, Harmon, Colston, Hoadly & Goldsmith* and *Burch & Johnson*, for Defendant.

---

## COSTS.